**SIGNED THIS: August 23, 2006**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                              )
                                   )    In Bankruptcy
JOHN D. GOOD and                   )
LUCY E. GOOD,                      )    Case No. 05-75670
                                   )
          Debtors.                 )
_____        )
                                   )
JEFFREY D. RICHARDSON,             )
  Chapter 7 Trustee,               )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Adversary No. 06-7047
                                   )
JOHN D. GOOD, LUCY E. GOOD,        )
MONOGRAM CREDIT CARD BANK          )
OF GEORGIA, CALHOUN CARPET         )
SALES, INC., UNION PLANTERS        )
BANK, N.A., NEW CENTURY            )
MORTGAGE CORP., and ALL            )
TILE, INC.,                        )
                                   )
          Defendants.              )
```

# **O P I N I O N**

This matter is before the Court on the Motion for Summary Judgment filed by Jeffrey D. Richardson, Chapter 7 Trustee ("Plaintiff") against Defendant, Union Planters Bank, N.A. ("UPB").[1]  Trustee seeks a determination that UPB's recorded mortgage is invalid and unenforceable.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(K)

John D. Good and Lucy E. Good ("Debtors") filed their voluntary Chapter 7 petition in bankruptcy on October 5, 2005. Plaintiff was appointed trustee of the Debtors' bankruptcy estate. On February 8, 2006, Plaintiff filed an adversary complaint to sell Debtors' residence located at 4216 Bowman Road, Decatur, Illinois, free and clear of liens.  The Complaint was amended on March 23, 2006.  On July 11, 2006, Plaintiff filed his Motion for Summary Judgment as to UPB.  On August 7, 2006, UPB filed a response to said Motion.  On August 10, 2006, the Court heard arguments for and in opposition to the Motion and thereafter took the matter under advisement.

The pertinent facts which relate to the parties' relative

---

[1] Regions Financial Corporation is the successor by merger to Union Planters Bank, N.A.  Union Planters Bank, N.A. was and continues to be the designation by which the entity is identified in the pleadings, and so it shall be identified thus in this Opinion.

positions are not in dispute.  On February 8, 2002, a mortgage given by the Debtors to UPB to secure a home equity line of credit was recorded in Macon County, Illinois.  The home equity line of credit was paid off and a Satisfaction of Mortgage duly executed by UPB was recorded on December 30, 2002, in Macon County, Illinois.  Sometime after December 30, 2002, Debtors informed UPB that they did not wish to close their home equity line of credit.  UPB then re-opened the home equity line of credit account and, on February 13, 2003, re-recorded in Macon County, Illinois the same mortgage document originally recorded on February 8, 2002.  A new recording stamp and book/page designation appears on the mortgage.

In his Motion for Summary Judgment, Plaintiff argues that the recording of the mortgage release forever extinguished the mortgage lien created by the subject mortgage document, and that the re-recording of the subject mortgage document was a legal nullity.  Thus, Plaintiff argues, UPB has no mortgage lien or secured claim or interest in the subject property.

UPB counters that it has a valid perfected mortgage lien on the subject property as a result of the second recording of the mortgage on February 13, 2003.  UPB does not contend that its mortgage lien relates back to the date of the original recording; UPB merely contends that the mortgage recorded on February 13, 2003, became a valid, perfected mortgage lien on February 13, 2003.

Plaintiff asserts that the recording of the release

extinguished the mortgage, and that assertion is undisputed as it relates to the mortgage which was valid at the time of the filing of the release. Plaintiff argues that once released, absent mistake, a mortgage cannot be re-recorded for the purpose of creating a new lien. In support of this position, Plaintiff cites 765 ILCS 935/35. That particular statute is contained within the Mortgage Certificate of Release Act which became effective August 6, 2002, and which relates to the recording of a "certificate of release" by a title insurance company. No "certificate of release" is involved in this case and, accordingly, the statute cited by the Plaintiff is not germane to the dispute in this case.

The dispute here is a question of law: Can the re-recording of the mortgage document which created the first mortgage lien create a subsequent mortgage lien after the first mortgage lien has been released, or did the recording of the Satisfaction of Mortgage forever invalidate, as a means of creating a valid mortgage, the subsequent re-recording of the same mortgage document?

Plaintiff has not cited - and the Court has not independently found - any precedent which states that a recorded mortgage, once released, cannot be re-recorded, or that the second recording is invalid or ineffective. In addition, Plaintiff has not offered, nor has the Court independently discovered, any compelling equitable purpose to support such a rule.

The mortgage recorded by UPB on February 13, 2003, satisfies

all the elements required to create a valid mortgage. It comports with the form prescribed by Illinois statute. *See* 765 ILCS 5/11. It states that it is given in exchange for valuable consideration; it contains a legal description of the premises; it identifies the parties, and, as previously stated, it bears a recording stamp reflecting a recording date after the recording of the release of the previous mortgage given via the same mortgage document.

   UPB correctly points out that, when it recorded the mortgage on February 13, 2003, it provided notice to the world that the Debtors owed a debt to UPB and that said debt was secured by the subject property. Thus, no other creditor (including the trustee as lien creditor pursuant to 11 U.S.C. § 544) could claim a lack of notice. Because there appears to be no legal prohibition or equitable hindrance against re-recording a released mortgage in order to create a subsequent consensual mortgage, and because the prerequisites for creating a valid, perfected mortgage lien have been met in this case, the Trustee's Amended Complaint, as it relates to the validity and perfection of UPB's mortgage lien, must fail.

   Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056,

incorporating by reference Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548 (1986).  Summary judgment will be granted only where it is clear that there is no dispute about the facts or inferences to be drawn therefrom.  <u>Central Nat. Life Ins. Co. v. Fidelity and Deposit Co. of Maryland</u>, 626 F.2d 537 (7th Cir. 1980).  When a party moves for summary judgment, the court may grant summary judgment for either party.  *See* <u>Celotex Corp. v. Catrett</u>, *supra*, 477 U.S. *at* 326, 106 S.Ct. *at* 2554.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is denied, and summary judgment is granted in favor of UPB.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###